CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
11/9/2017
JULIA C. DUDLEY, CLERK
BY: s/ JODY TURNER
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| HERBERT B. DUNKLE, III, et. al. <br> Plaintiffs, <br> v. <br> RICHARD D. HOLCOMB <br> Defendant. | ) <br> ) Civil Action No. 5:17-CV-00102 <br> ) <br> ) <br> ) <br> ) <br> ) By: Hon. Michael F. Urbanski <br> ) Chief United States District Judge |

## MEMORANDUM OPINION

Proceeding pro se, plaintiffs Herbert B. Dunkle, III and Julia Souter filed a Complaint, ECF No. 3, against Richard D. Holcomb in his official capacity as Commissioner of the Virginia Department of Motor Vehicles. Plaintiffs seek leave to proceed in forma pauperis. In addition, plaintiffs allege Holcomb's imposition of driver's license reinstatement fees ("Reinstatement Fees") violate the U.S. Constitution's Sixth Amendment, the Due Process and Equal Protection clauses of the Fourteenth Amendment, and 42 U.S.C. § 1983.

The in forma pauperis statute, 28 U.S.C. § 1915, authorizes courts to allow indigent plaintiffs to proceed without paying the typical filing fee. Because plaintiffs appear to be indigent, the court will **GRANT** Plaintiffs' Motions for Leave to Proceed in forma pauperis. ECF No. 1; ECF No. 2.

The in forma pauperis statute, however, also requires federal courts to dismiss a case if, at any time, the in forma pauperis plaintiff fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915. A failure to state a claim means "that there is not 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Bacon v. Rose, Civil Action No. 7:13cv00350, 2014 U.S. Dist. LEXIS 33151, at *5 (W.D. Va. Mar. 14, 2014) (quoting

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). When making this determination, the court must liberally construe pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, despite the liberal construction requirement, the court cannot "ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court." Smith v. Shwedo, No. 3:12-2286-CMC-PJG, 2012 U.S. Dist. LEXIS 161156, *4 (D.S.C. Oct. 22, 2012).

The Sixth Amendment protects the rights of the accused in criminal prosecutions. U.S. Const. amend. VI. Holcomb's imposition of Reinstatement Fees is an administrative action, not a criminal prosecution. So, plaintiffs cannot claim a Sixth Amendment violation.

The Fourteenth Amendment provides that "no State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. It protects both procedural and substantive due process. See Washington v. Glucksberg, 521 U.S. 702, 720 (1997). To state either a substantive or procedural due process violation, a plaintiff must first identify the protected liberty, fundamental right, or property interest. See id. (describing substantive due process analysis); See Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015) (discussing procedural due process analysis).

Plaintiffs do not clearly identify the protected liberty or fundamental right they seek to protect. Nonetheless, construing the Complaint liberally, plaintiffs appear to allege that the challenged Reinstatement Fee violates their right to drive a motor vehicle. But, the Constitution does not recognize or protect a right to drive a motor vehicle. See Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir. 1999) (stating plaintiff "does not have a fundamental 'right to drive'"); Ciesielski v. Ind. BMV, No. 3:05-CV-205 RM, 2005 U.S. Dist. LEXIS 7010, at *2 (N.D. Ind. Apr. 21, 2005) (stating that a right to travel "doesn't ensure that citizens will be affording driving privileges").

It is also possible to construe the Complaint as alleging that the actual driver's licenses are the property interest plaintiffs seek to protect. "[A] driver's license is a property interest that may not be suspended or revoked without due process." Plumer v. Maryland, 915 F.2d 927, 931 (4th Cir. 1990) (citing Bell v. Burson, 402 U.S. 535 (1971)). But, even straining to read this allegation into the Complaint, the plaintiffs do not state any facts about how their licenses were suspended. So, the court has no way to determine whether the plaintiffs' property interest was taken away without due process.

Therefore, plaintiffs do not identify a constitutionally protected liberty or fundamental right. Nor do plaintiffs allege facts sufficient to claim a violation of a property interest. Thus, plaintiffs' overall Due Process violation claim must fail.

The Fourteenth Amendment also provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. To state an equal protection claim, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Plaintiffs do not allege any facts that plausibly lead to the conclusion that Holcomb imposes Reinstatement Fees on them, as poor and homeless individuals, but not others. Nor do plaintiffs allege that their Reinstatement Fees are higher because of their poor or homeless status. To the contrary, the base Reinstatement Fees are the same *for everyone*. See Va. Code § 46.2-411. Beyond the base Reinstatement Fees, any increase depends on the underlying reasons for which a person's license was initially suspended—regardless of income or housing status. See id.

3

Nor do plaintiffs allege any facts that give rise to a plausible inference that Holcomb imposes Reinstatement Fees on them with an intent to discriminate on the poor or homeless. Thus, plaintiffs fail to allege facts sufficient to claim an Equal Protection violation.

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, *and* (2) that the alleged violation was committed by a person acting under the color of state law." Carter v. South Carolina, No. 6:10-1761-RBH-BHH, 2010 U.S. Dist. LEXIS 78491, at *5-6 (D.S.C. July 14, 2010) (citing West v. Atkins, 487 U.S. 42, 48 (1988)) (emphasis added).

Plaintiffs fail to allege facts sufficient to claim violations of any rights secured by the Constitution or other federal laws. So, they cannot claim a violation of 42 U.S.C. § 1983.

In Stinnie v. Holcomb, Virginia courts suspended several indigent plaintiffs' driver's licenses for failure to pay court costs, fines, and fees. No. 3:16-cv-00044, 2017 U.S. Dist. LEXIS 35789, at *2 (W.D. Va. Mar. 13, 2017). But, because the plaintiffs' licenses were suspended, they could not pay their debt. Id. The plaintiffs sued Holcomb on the grounds that the "suspensions violated their federal constitutional rights to due process and equal protection." Id. The "gravamen of the [plaintiffs'] Complaint [was] the suspension of [their] licenses, which Plaintiffs repeatedly assert[ed] was done *by the Commissioner* without notice or consideration of their ability to pay." Id. at *12. Without "deciding whether Virginia's license suspension scheme [was] unconstitutional" the court dismissed the case on other grounds. Id. at *3.

In this case, the gravamen of plaintiffs' Complaint is that Reinstatement Fees—not the underlying suspensions—violate their federal constitutional rights. Plaintiffs do not state how or why their licenses were suspended. Also, the plaintiffs concede that they paid their Reinstatement Fees and any debts they owed to the courts. ECF No. 3 at 4, 6. So, plaintiffs

4

cannot claim, like the plaintiffs in Stinnie, that they did not have the ability to pay debts owed to the courts or Reinstatement Fees. Thus, the question left open in Stinnie—"whether Virginia's license suspension scheme is unconstitutional," id. at *3—is not raised here. Plaintiffs' claims lack merit and must be dismissed.

For the reasons stated above, the Complaint, ECF No. 3, fails to state a claim upon which relief can be granted. Accordingly, this case will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate Order will be entered.

Entered: 11/09/2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge

5